1  GARCIA-MENDOZA & SNAVELY
   EVA GARCIA-MENDOZA, ESQ.
2  NEVADA BAR NO: 1779
   LUTHER SNAVELY, ESQ.
3  NEVADA BAR NO. 5507
4  501 SOUTH SEVENTH STREET
   LAS VEGAS, NEVADA 89101
5       (702) 384-8484
   ATTORNEY FOR DEFENDANT
6

7              UNITED STATES DISTRICT COURT

8                  DISTRICT OF NEVADA

9                    *  *  *  *  *

10 JANICE BATES,                    )
11                                  )        CV-S-04-0518-KJD(GWF)
                    Plaintiff,      )
12      vs.                         )
                                    )
13 CLARK COUNTY,                    )
                                    )
14                                  )
                    Defendant.      )
15 _____)
16

17          **REPLY TO OPPOSITION TO**
        **MOTION FOR SUMMARY JUDGMENT AND**
18         **REQUEST TO EXCEED PAGE LIMIT**

19
20      COMES NOW, the Defendant, Clark County, by and through its attorneys, Eva

21 Garcia-Mendoza, Esq. and Luther Snavely, Esq. of the law firm of GARCIA-MENDOZA

22 & SNAVELY, CHTD, and files this Reply wherein it respectfully requests that its Motion

23 for Summary Judgment(#25), filed previously with this Court on April 18, 2006, be

24 granted in its entirety because the pleadings and other attached documentary evidence

25 show that there is no genuine issue as to any material fact and that the Defendant is

26 entitled to judgment as a matter of law.

27

28

LAW OFFICES OF
GARCIA-MENDOZA & SNAVELY CHTD.
Eva Garcia-Mendoza, Esq.
Luther M. Snavely, III Esq.
501 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
(702) 384-8484  FAX (702) 384-0207

1     In addition, the Defendant respectfully requests that the Court grant it

2 permission to exceed the 20 page limit customary for Reply briefs. The Plaintiff raised

3 several issues in her Opposition to Motion for Summary Judgment(#30) and it was

4 necessary for the Defendant to address each issue in its Reply to demonstrate that

5 there are no genuine issues of material fact and that Summary Judgment should be

6 entered in favor of the Defendant.

7

8                       **ARGUMENT**

9 **THE PLAINTIFF'S CLAIM THAT THE DEFENDANT RETALIATED AGAINST HER
BY DECLINING TO RECLASS HER POSITION ON AUGUST 23, 2000 IS BARRED**

10 **BY THE STATUTE OF LIMITATIONS**

11     The Plaintiff's Complaint is barred by the Statute of Limitations because (1) the

12 Plaintiff did not file her Charge of Discrimination with the EEOC within one hundred and

13 eighty(180) days of the alleged unlawful employment practice, (2) she did not initially

14 institute proceedings directly with NERC and (3) EEOC declined to defer the Plaintiff's

15 charges to NERC and did not even transmit the charge to NERC until June 6, 2002,

16 approximately six hundred and forty-nine(649) days after the alleged unlawful

17 employment practice.

18

19     It is undisputed that the Plaintiff claimed that she was denied a reclassification

20 on August 23, 2000 and that she filed her initial Charge of Discrimination directly with

21 the EEOC on March 30, 2001. It is also undisputed that she did not file anything with

22 the Nevada Equal Rights Commission(NERC).

23

24     Thus, it is further undisputed between the parties that the Plaintiff filed her initial

25 Charge of Discrimination with EEOC approximately two hundred and seventeen(217)

26 days after the alleged unlawful employment practice occurred and that she did not file a

27 Charge of Discrimination directly with NERC.

28

LAW OFFICES OF
GARCIA-MENDOZA & ASSOCIATES
Eva Garcia-Mendoza, Esq.
Luther M. Snavely, III Esq.
501 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
(702) 384-8424  FAX (702) 384-0207

1    42 U.S.C. §2000e-5(e)(1) states in relevant part:

2        "(1)   A charge under this section shall be filed within one hundred and eighty
3    days after the alleged unlawful employment practice occurred…, except that in a case
     of an unlawful employment practice with respect to which the person aggrieved has
4    initially instituted proceedings with a State or local agency with authority to grant or
     seek relief from such practice or to institute criminal proceedings with respect thereto,
5    upon receiving notice thereof, such charge shall be filed by or on behalf of the person
     aggrieved within three hundred days after the alleged unlawful employment practice
6    occurred…."

7        In its Motion for Summary Judgment(#25) at pages 12-13, the Defendant argues

8    that the Plaintiff's Complaint is barred by the statute of limitations set forth in 42 U.S.C.
9
10   §2000e-5(e)(1) because she did not file her charge with the EEOC within one hundred

11   and eighty(180) days of the alleged unlawful employment practice and she did not

12   qualify for the three hundred(300) day statute of limitations because she did not initially

13   institute proceedings with NERC.

14       In response, the Plaintiff argues in her Opposition(#30) that the Charge of

15   Discrimination was timely filed because the Courts have held in **EEOC v. Commercial**

16   **Office Prods. Co., 486 U.S. 107 (1988)** and **Bouman v. Block, 940 F.2d 1211 (9th**
17
18   **Cir. 1991)** that a charge initially filed with the EEOC after 180 days may still be timely

19   "if the EEOC then defers jurisdiction to the state agency, and that deferral may be

20   informal."

21       Specifically, the U.S. Supreme Court held in **EEOC v. Commercial Office**
22
23   **Prods. Co., 486 U.S. 107, 110-112 (1988)** that in light of the 60 day deferral period set

24   forth at 42 U.S.C. §2000e-5(c), a Plaintiff must file a charge with the appropriate State

25   or local agency, or have the EEOC refer the charge to that agency, within 240 days of

26   the alleged discriminatory event in order to ensure that it may be filed with the EEOC

27   during the 300 day time limit provided for by 42 U.S.C. §2000e-5(e)(1) if the Plaintiff

28

LAW OFFICES OF
GARCIA-MENDOZA & ASSOCIATES
Eva Garcia-Mendoza, Esq.
Luther M. Snavely, III Esq.
501 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
(702) 384-8424  FAX (702) 384-0207

1  initially institutes proceedings with a state or local authority pursuant to 42 U.S.C.

2  §2000e-5(e)(1).

3  Likewise, the Ninth Circuit held in **Bouman v. Block, 940 F.2d 1211, 1219 (9th**

4
5  **Cir. 1991)** that the EEOC does not institute State proceedings until it defers to the

6  State Agency by forwarding the charges to the State agency.

7  In summary, the Courts have held that a Charge filed directly with the EEOC

8  after the 180 day time limit has expired may still be timely if the EEOC forwards the

9  Charge to the State agency(in this case, NERC) and thus initiates the State

10 proceedings **before** the expiration of the 300 day time limit for charges filed initially with

11 a State agency such as NERC.  SEE **Mohasco v. Silver, 447 U.S. 807, 815-817**

12 **(1980)**

13
14 Unfortunately for the Plaintiff, EEOC assumed jurisdiction over the charges and

15 did not defer the Plaintiff's charges to NERC.  In fact, the EEOC did not even transmit

16 the charges to NERC until June 6, 2002, approximately six hundred and forty-nine(649)

17 days after the alleged unlawful employment practice.

18 Attached at EXHIBIT 1 is a portion of the EEOC's response dated November 8,

19
20 2004 to a Freedom of Information Act request filed by the Plaintiff's counsel and

21 provided by the Plaintiff to the Defendant during discovery.  The Case Log at page 2 of

22 EXHIBIT 1 indicates that the Charge of Discrimination was not mailed to NERC until

23 June 6, 2002.

24 Likewise, the Charge Transmittal(EEOC Form 212) also at EXHIBIT 1 dated

25
26 June 6, 2002 corroborates the Case Log and further indicates that EEOC received the

27 Charge of Discrimination on April 4, 2001 and that EEOC chose to exercise jurisdiction

28 i.e. "…this charge is to be initially investigated by the EEOC."  These documents are

LAW OFFICES OF
GARCIA-MENDOZA & ASSOCIATES
Eva Garcia-Mendoza, Esq.
Luther M. Snavely, III Esq.
501 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
(702) 384-8484  FAX (702) 384-0207

1  authenticated as the product of regularly conducted business activity pursuant to FRE

2  901(b)(7) and also as an official publication pursuant to FRE 902(5). The information

3  therein is admissible because it is subject to the hearsay exceptions for product of

4  regularly conducted business activity pursuant to FRE 803(6) and records and reports

5  generated by a public office pursuant to FRE 803(7).

6

7  Thus, the Plaintiff did not institute EEOC proceedings within 180 days of the

8  time at which the alleged unlawful employment practice occurred and State

9  proceedings were not instituted by EEOC deferral within 300 days of the time at which

10  the alleged unlawful employment practice occurred.

11

12  Accordingly, the Plaintiff's Complaint is barred by the statute of limitations set

13  forth at 42 U.S.C. §2000e-5(e)(1) and the Court should enter Summary Judgment in

14  favor of the Defendant.

15

16  **THE DEFENDANT DID NOT DENY THE PLAINTIFF A REQUEST FOR RECLASSIFICATION ON MARCH 14, 2001**

17  The Plaintiff's allegation that she was denied a position reclassification on March

18  14, 2001 should be dismissed because, in fact, the Defendant did not deny any request

19  for reclassification of the Plaintiff on that date.

20

21  The Defendant makes this argument in its Motion for Summary Judgment(#25)

22  at pages 13 and 14.

23  A review of the Plaintiff's Opposition(#30) filed with this Court on or around June

24  12, 2006, reveals that the Plaintiff makes no attempt to dispute the argument of the

25  Defendant on this issue.

26

27

28

LAW OFFICES OF
GARCIA-MENDOZA & ASSOCIATES
Eva Garcia-Mendoza, Esq.
Luther M. Snavely, III Esq.
501 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
(702) 384-8484  FAX (702) 384-0207

1   Accordingly, the Defendant's arguments in this regard should be deemed as

2   unopposed and the Court should dismiss that portion of the Plaintiff's Complaint

3   wherein she claims that she was denied a position reclassification on March 14, 2001.

4

5

6   **THE PLAINTIFF'S CLAIM THAT THE DEFENDANT RETALIATED AGAINST
HER BY TAKING HER TRAINING CLASSES AWAY SHOULD BE
DISMISSED BECAUSE THE PLAINTIFF HAS FAILED TO DISPUTE
THIS IN HER OPPOSITION**

7

8

9   The Plaintiff's allegation that her training classes were taken away should be

10  dismissed because, in fact, the training classes were not taken away from her.

11  The Defendant makes this argument in its Motion for Summary Judgment(#25)

12  at page 14.

13  A review of the Plaintiff's Opposition(#30) filed with this Court reveals that the

14

15  Plaintiff makes no attempt to dispute the argument of the Defendant on this issue.

16  Accordingly, the Defendant's arguments in this regard should be deemed as

17  unopposed and the Court should dismiss that portion of the Plaintiff's Complaint

18  wherein she claims that training classes were taken away from her.

19

20  **THE PLAINTIFF HAS WITHDRAWN HER ALLEGATION THAT CHANGING
THE FUNDING SOURCE FOR HER JOB CONSTITUTED
UNLAWFUL RETALIATION**

21

22  At page 1 of the Plaintiff's Opposition to Motion for Summary Judgment(#30),

23

24  the Plaintiff withdraws her allegation that the Defendant's decision to change the

25  funding source for the Plaintiff's job constituted unlawful retaliation.

26  Accordingly, the Court should dismiss that portion of the Plaintiff's Complaint

27  wherein she claims that the Defendant's decision to change the funding source for her

28  job constituted unlawful retaliation.

LAW OFFICES OF
GARCIA-MENDOZA & ASSOCIATES
Evie Garcia-Mendoza, Esq.
Luther M. Snavely, III Esq.
501 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
(702) 384-8484  FAX (702) 384-0247

1

2

## THE PLAINTIFF CANNOT ESTABLISH A PRIMA FACIE CASE
## FOR RETALIATION

3

4

5

6

7

8

The Plaintiff cannot establish a prima facie case for retaliation because (1) she was not engaged in a protected activity, (2) the denial of the job reclassification in 2000 was not an adverse employment action and (3) there is no causal link between George Cotton's Charge of Discrimination on July 1, 1998 and the denial of the job reclassification on August 23, 2000.

9

10

### The Plaintiff Is Not Claiming That She Was Retaliated Against Because
### She Engaged In A Protected Activity

11

12

13

14

15

16

17

18

The Plaintiff's cause of action for retaliation should be dismissed because she is not claiming that she was retaliated against because she engaged in a protected activity.  The Defendant respectfully requests that this Court follow the multitude of Circuit Courts of Appeal and District Courts from all across the United States which have held that third-party retaliation claims are contrary to the plain language of 42 U.S.C. §2000e-3(a) and do not state a claim upon which relief can be granted.

19

20

21

22

23

As noted above, the Plaintiff avers in her Complaint that her position was not reclassified, "in retaliation for my[the Plaintiff's] association with the former Director of Equal Opportunity, who filed an EEOC charge of discrimination in violation of Title VII of the Civil Rights Act of 1964...."

24

25

26

27

The Defendant is not aware of any case law which holds that merely associating with another employee constitutes a protected activity.  Here, the only possible protected activity asserted by the Plaintiff is the act of George Cotton filing a Charge of Discrimination in July of 1998.

28

LAW OFFICES OF
GARCIA-MENDOZA & ASSOCIATES
Eva Garcia-Mendoza, Esq.
Luther M. Snavely, II Esq.
501 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
(702) 384-8424   FAX (702) 384-0707

7

1        Therefore, the Plaintiff is actually attempting to assert a third-party retaliation

2  claim. She is not claiming to have engaged in protected activity herself but, instead, is

3  claiming that she was retaliated against because George Cotton engaged in a

4  protected activity.

5

6        In its Opposition(#30) at pages 5-6, the Plaintiff acknowledges that the Ninth

7  Circuit Court of Appeals has not reviewed this issue. However, she cites to **EEOC v.**

8  **Nalbandian Sales Inc., 36 F.Supp.2d 1206 (E.D. Cal. 1998)** as purported support for

9  her position.

10       In **Nalbandian**, the U.S. District Court for the Eastern District of California did

11  indeed find that third-party retaliation complaints state a claim upon which relief can be

12  granted. In doing so, the District Judge in **Nalbandian** ruled that 42 U.S.C. §2000e-

13  3(a) is ambiguous and also ignored the plethora of rulings from Courts in other

14  jurisdictions holding that the statute is not ambiguous and that third-party retaliation

15

16  claims are clearly not provided for by 42 U.S.C. §2000e-3(a).

17       As noted in the Defendant's Motion for Summary Judgment, the Third, Fifth and

18  Eighth Circuit Courts of Appeal have all held that third-party retaliation claims, such as

19  the one which the Plaintiff brings before the Court in this case, do not state a claim

20  upon which relief can be granted because they contravene the plain language of 42

21

22  U.S.C. §2000e-3(a) which clearly provides that a person may only bring a claim for

23  retaliation if he is claiming that he is being retaliated against for protected activity

24  which, **he himself, engaged in**. See **Fogelman v. Mercy Hosp., 283 F.3d 561, 568-**

25  **571 (3rd Cir. 2002); Holt v. JTM Indus., Inc., 89 F. 3d 1224, 1226-1227 (5th Cir. 1996)**

26  and **Smith v. Riceland Foods, 151 F.3d 813, 819 (8th Cir. 1998)**

27

28

LAW OFFICES OF
GARCIA-MENDOZA & ASSOCIATES
Eve Garcia-Mendoza, Esq.
Luther M. Snavely, III Esq.
501 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
(702) 384-8494   FAX (702) 384-0207

1    Furthermore, in **Pope v. Motel 6**, **121 Nev. Adv. Rep. 31, 114 P.3d 277, 281-**

2    **282 (2005)**, the Nevada Supreme Court acknowledged that 42 U.S.C. §2000e-3(a) was

3    virtually identical to NRS 613.340(1), Nevada's anti-retaliation statute, and then

4    specifically followed the reasoning in **Fogelman**, **Holt**, and **Smith v. Riceland Foods**

5    
6    in holding that third party retaliation claims fail to state a claim upon which relief can be

7    granted.

8    In addition, U.S. District Courts in the First, Second, Fourth, Sixth, Tenth, and

9    Eleventh Circuits have also held that third-party retaliation claims do not state a claim

10   upon which relief can be granted for the same reasons held by the Third, Fifth, and

11   Eighth Circuit Courts of Appeal. SEE **Higgins v. TJX Cos.**, **328 F.Supp.2d 122 (D.**

12   **Maine 2004)**; **Mutts v. S. Conn. State Univ.**, **2006 U.S. Dist. LEXIS 46707 (D.Conn.**

13   **2006)**; **EEOC v. Bojangles Restaurants**, **284 F.Supp.2d 320 (M.D.N.C. 2003)**;

14   **Thompson v. N.Am. Stainless, LP**, **2006 U.S. Dist. LEXIS 44071 (E.D. Ky. 2006)**

15   

16   analyzing the Sixth Circuit's holding **EEOC v. Ohio Edison Co.**, **7 F.3d 541 (6th Cir.**

17   **1993)** and concluding that third-party retaliation claims are not allowed in the Sixth

18   Circuit except in the case where a co-employee, acting as the Plaintiff employee's

19   representative and at the Plaintiff employee's behest, opposed an unlawful

20   employment practice of which the Plaintiff employee was the victim.  In such cases, the

21   
22   protected activity of the Plaintiff employee's agent was imputed to the Plaintiff

23   employee, **Horizon Holdings v. Genmar Holdings, Inc.**, **241 F.Supp.2d 1123, 1143-**

24   **1144 (D. Kan. 2002)** and  **Singh v. Green Thumb Landscaping, Inc.**, **390 F.Supp.2d**

25   **1129 (M.D. Fla. 2005)**

26   
27   Furthermore, where the words of a statute are unambiguous, the judicial inquiry

28   is complete.  **EEOC v. Luce, Forward, Hamilton & Scripps, 345 F.3d 742, 753 (9th**

LAW OFFICES OF
GARCIA-MENDOZA & ASSOCIATES
Eva Garcia-Mendoza, Esq.
Luther M. Snavely, III Esq.
501 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
(702) 384-4444    FAX (702) 384-4707

LAW OFFICES OF
GARCIA-MENDOZA & ASSOCIATES
Eva Garcia-Mendoza, Esq.
Luther M. Snavely, III Esq.
501 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
(702) 384-8484  FAX (702) 384-0207

1 **Cir. 2003)**  The inquiry must cease if the statutory language is unambiguous and the

2 statutory scheme is coherent and consistent. **Id.**

3     In her Opposition(#30) at pages 5 and 6, the Plaintiff presumably asks this Court

4 to follow the same rationale of the **Nalbandian** Court.  Namely, that 42 U.S.C. §2000e-

5 3(a) must be ambiguous because following the language of the statute would lead to

6

7 results which the **Nalbandian** Court found absurd.

8     The Defendant would merely point out that the **Nalbandian** Court took a position

9 on this issue that is a minority position to say the least and is not mandatory authority

10 to this Court.  As noted above, Circuit Courts and District Courts sitting in nine of the

11 eleven federal circuits as well as the Supreme Court of the State of Nevada have all

12 ruled that 42 U.S.C. §2000e-3(a) is not ambiguous, that following the plain language of

13 the statute does not lead to absurd results, and that it is inappropriate to defer to the

14 EEOC's interpretation of the statute.

15

16     The Third Circuit explained in **Fogelman at 568-570** that it is elementary that

17 the meaning of the statute, must, in the first instance be sought in the language in

18 which the act is framed, and if that is plain, the sole function of the courts is to enforce

19 it according to its terms.  The preference for preferring plain meaning over that which

20 the Court speculates is a statute's general policy objectives is based on the

21

22 constitutional separation of powers—Congress makes the law and the judiciary

23 interprets it.  **Id.**  In doing so, Courts should assume that the best evidence of

24 Congress's intent is what it says in the text of the statutes.  **Id.**  The Court held that

25 applying the plain meaning of the statute does not necessarily lead to absurd results

26

27 because Congress may have thought that, in most cases, the relatives and friends who

28 are at risk for retaliation will have participated in some manner in the co-worker's

1  charge of discrimination. **Id.** Furthermore, Congress may have feared expanding the

2  class of potential anti-discrimination plaintiffs beyond those who have engaged in

3  protected activity to include anyone whose friends and relatives have engaged in a

4  protected activity would open the door to frivolous lawsuits and interfere with an

5

6  employer's prerogative to fire at-will employees. **Id.**

7      Moreover, the Circuit Courts and District Courts from nine of the Federal Circuits

8  as well as the Nevada Supreme Court as set forth above also, either explicitly or

9  impliedly, declined to defer to the EEOC interpretation of the statute.

10      As the District Court for the Middle District of Florida explained in **Singh v.**

11  **Green Thumb Landscaping, Inc.**, 390 F.Supp.2d 1129, 1137-1138 (M.D. Fla. 2005),

12  ultimately, the responsibility is with the Court, not with an administrative body, to

13  interpret the provisions of Title VII in accordance with the explicit legislative enactments

14  set out by the Congress. Because the plain and unambiguous language of Title VII

15  differs from the relevant provision of the EEOC Compliance Manual and because the

16  Compliance Manual is not the product of adjudication or notice-and-comment

17

18  rulemaking, the Court finds that the relevant provision of the Compliance Manual is not

19  persuasive of the issue of whether third-party retaliation complaints state a claim upon

20

21  which relief can be granted. **Id.**

22      In short, with all due respect to the **Nalbandian** Court, the Honorable Judge in

23  that case appears to have indulged in legislating from the bench based upon his own

24  notions of how discrimination should be prevented in the workplace. This is simply not

25  the role apportioned to the Judiciary by the Constitution of the United States.

26

27

28

LAW OFFICES OF
GARCIA-MENDOZA & ASSOCIATES
Eva Garcia-Mendoza, Esq.
Luther M. Snavely, III Esq.
501 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
(702) 384-8424  FAX (702) 384-0207

1    Here, the plain meaning of the language of 42 U.S.C. §2000e-3(a) is crystal

2    clear. A Plaintiff must herself have engaged in a protected activity before she may

3    make a claim for unlawful retaliation upon which relief can be granted.

4    The Defendant firmly believes that no further analysis in this case on the issue

5
6    of retaliation is necessary. However, for the sake of prudence, the Defendant will also

7    show why the Plaintiff fails to establish the other elements of a prima facie case and

8    that the Defendant had legitimate nondiscriminatory reasons for declining to reclassify

9    the Plaintiff's job in 2000.

10

11                    **The Denial Of The Job Reclassification In 2000 Was Not**
                              **An Adverse Employment Decision**

12

13    The Defendant argues at pages 17 through 19 of its Motion for Summary

14    Judgment(#25) that its decision in August of 2000 to deny George Cotton's request to

15    reclassify the Plaintiff's position was not an adverse employment decision because the

16    Plaintiff was not turned down for a promotion. Instead, the Defendant merely declined

17    to reclassify the Plaintiff's job to Administrative Secretary. Furthermore, in the same

18

19    pages of its motion, the Defendant argues that the denial of the job reclassification

20    request was not an adverse employment decision because it is undisputed that the

21    Plaintiff was not demoted, given any additional responsibilities or subject to a decrease

22    in pay or benefits.

23

24    In support of its argument, the Defendant cited to **Brooks v. City of San Mateo,**

25    **229 F.3d 917, 928 (9th Cir. 2000)** and **Steiner v. Showboat Operating Co.,** 25 F.3d

26    **1459, 1465, n.6 (9th Cir. 1994)** and provided the affidavit of Raymond Visconti at

27    Exhibit 2 to its Motion for Summary Judgment(#35) wherein Mr. Visconti had first-hand

28    knowledge that the Plaintiff suffered no adverse actions as a result of the denial of the

LAW OFFICES OF
GARCIA-MENDOZA & ASSOCIATES
Eva Garcia-Mendoza, Esq.
Luther M. Snavely, III Esq.
501 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
(702) 384-8424 FAX (702) 384-0207

1   request for reclassification. (Affidavit of Visconti, paras. 36-37 attached as Exhibit 2 to

2   Defendant's Motion for Summary Judgment(#25) and EXHIBIT 2 hereto.

3       A review of the Plaintiff's Opposition(#30) filed with this Court reveals that the

4   Plaintiff makes no serious attempt to refute the argument of the Defendant on this

5

6   issue.

7       Instead, the only reference at all to the issue of whether the denial of the

8   reclassification in August of 2000 constituted an adverse employment decision is at

9   page 9 of the Plaintiff's Opposition(#30) wherein she states:

10      "The County also concedes that Cotton recommended Bates for a
11  reclassification, and that the recommendation was approved by Cotton's supervisor
    Beverly Glode and forwarded to the Assistant County Manager, Michael Alastuey in
12  March 2000, who denied the request in August, 2000.  This is the second element of
    Bates' prima facie case."
13

14      Thus, the Plaintiff chooses not to address the substance of the Defendant's

15  argument on this issue in any way whatsoever.  It is as if the Plaintiff is saying:

16      "Q:  Why is the denial of the reclassification an adverse employment decision?

17
    A:      Just because."
18

19      The Plaintiff's completely conclusory argument at page 9 of her Opposition(#30)

20  is not really argument at all and completely fails to rebut the Defendant's argument,

21  backed by Ninth Circuit case law, that the denial of the request for reclassification was

22
    not an adverse employment decision because the Plaintiff was not turned down for a
23

24  promotion, demoted, given any additional responsibilities or subject to a decrease in

25  pay or benefits.

26      Accordingly, the Defendant's arguments in this regard should be deemed as

27  unopposed and the Court should rule that the denial of the reclassification in question

28
    does not constitute an adverse employment decision.

LAW OFFICES OF
GARCIA-MENDOZA & ASSOCIATES
Eva Garcia-Mendoza, Esq.
Luther M. Snavely, II Esq.
501 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
(702) 384-4444   FAX (702) 384-0397

1   Since the denial of the reclassification does not constitute an adverse

2   employment decision, the Plaintiff has failed to meet her burden of establishing a prima

3   facie case for Retaliation and the Court should enter Summary Judgment on her

4   Complaint in favor of the Defendant.

5

6          **There Is No Causal Link Between George Cotton's Filing Of His**
7          **Charge Of Discrimination And The Defendant's Decision To**
            **Decline To Reclassify The Plaintiff's Job In 2000**
8

9          The Plaintiff cannot show that there is any causal connection between George

10  Cotton's filing of his Charge of Discrimination in July of 1998 and the Defendant's

11  decision to decline to reclassify the Plaintiff's job position on August 23, 2000.

12          To establish causation, the Plaintiff must show by a preponderance of the

13  evidence that engaging in a protected activity was one of the reasons for the adverse

14  employment action and that, but for such activity, the adverse employment action

15  would not have occurred. **Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1064-**

16  **1065 (9th Cir. 2002)** While in some cases causation may be inferred from timing alone

17

18  where an adverse employment action follows on the heels of a protected activity, no

19  causation will be inferred where there is an eighteen(18) month or longer lapse

20  between protected activity and adverse employment action. **Id.**

21

22          Here, it is undisputed that George Cotton filed his Charge of Discrimination with

23  NERC and EEOC on July 1, 1998. Furthermore, the Plaintiff, in her own Amended

24  Charge of Discrimination attached to her Complaint, alleges that she was retaliated

25  against, at the earliest, on August 23, 2000 when the Position Reclassification Request

26  filed on or around January 27, 2000 was denied. As noted above, the Plaintiff does not

27

28  allege any retaliation before August 23, 2000.

LAW OFFICES OF
GARCIA-MENDOZA & ASSOCIATES
Eva Garcia-Mendoza, Esq.
Luther M. Snavely, III Esq.
501 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
(702) 384-8424  FAX (702) 384-0207

1   Since there is a lapse of over two years, i.e. 26 months, between the time that

2   George Cotton filed his Charge of Discrimination and the time that the Plaintiff claims

3   she was retaliated against on account of George Cotton filing his Charge of

4   Discrimination, causation may not be inferred pursuant to the Ninth Circuit's holding in

5   

6   **Villiarimo**.

7   Also, the movant is entitled to summary judgment if the nonmoving party, **who**

8   **bears the burden of persuasion**, fails to designate specific facts showing that there is

9   a genuine issue for trial. **Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)**  Where

10  the nonmoving party will bear the burden of persuasion at trial on a dispositive issue,

11  **the pleadings, in and of themselves, are insufficient** to defeat a motion for

12  summary judgment. **Id.**

13  

14  The nonmoving party may not rest on the mere allegations or denials of the

15  pleading but must come forward with specific facts showing that there is a genuine

16  issue for trial. **Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)**

17  

18  Moreover, evidence introduced in opposition to a motion for summary judgment

19  must be admissible evidence.  **Beyene v. Coleman Sec. Services, Inc., 854 F.2d**

20  **1179, 1181 (9th Cir. 1988)**

21  

22  Accordingly, since causation cannot be inferred in this case due to the lapse of

23  over two years between the time that Cotton filed his Charge of Discrimination and the

24  time that the Plaintiff claims that retaliation occurred, the Plaintiff must convince this

25  Court that she could persuade a **reasonable** jury by a preponderance of the evidence

26  that her job reclassification would not have been denied in August of 2000 if Cotton had

27  not filed his Charge of Discrimination on July 1, 1998.  This she cannot do.

28

LAW OFFICES OF
GARCIA-MENDOZA & ASSOCIATES
Eva Garcia-Mendoza, Esq.
Luther M. Snavely III Esq.
501 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
(702) 384-8424  FAX (702) 384-0207

1    In her Opposition(#25), the Plaintiff attaches several documents which she

2   claims help to establish causation and that the legitimate nondiscriminatory reason

3   offered by the Defendant for the denial of the job reclassification is pretext.

**Excerpt of Deposition of Terry Lamuraglia**

5

6    The excerpt of the deposition of  Terry Lamuraglia at Exhibit 2 of the Plaintiff's

7   Opposition(#30) should be disregarded because it is unauthenticated.  Specifically,

8   there is no Reporter's Certification that the deposition is a true record of the testimony

9   of the deponent. **Orr v. Bank of America, 285 F.3d 764, 774 (9th Cir. 2002)**  Since

10   the excerpt is not authenticated, it is inadmissible and may not be used to prevent the

11   entry of Summary Judgment. **Bevene, Supra.**

12    Furthermore,  the deposition is dated March 19, 1999, over a year before the

13   request for the Plaintiff's job reclassification was denied.  Thus, Mr. Lamuraglia had no

14   personal knowledge at the time of his deposition of the facts regarding the retaliation

15   claim which is now before this Court.

16   Moreover, up until page 101 of the deposition, Mr. Lamuraglia isn't even talking

18   about reclassifications.  He is talking about merit pay increases and his supposed

19   observation that employees in certain Divisions had a merit pay increase range of 0-6%

20   and that the range of merit pay increase in the Equal Opportunity Division was limited

22   at the time to 0-4%.  Again, the testimony absolutely fails to establish a connection

23   between Mr. Cotton's Charge of Discrimination and Mr. Alastuey's decision to decline

24   the Plaintiff's job reclassification in August of 2000.

25   Pages 101 and 102 of the deposition do contain a part where Lamuraglia

26   attributes a statement to Bonnie Rinaldi that there would be no further reclassifications

27   in the Equal Opportunity Division.  However, this statement is inadmissible hearsay.

LAW OFFICES OF
GARCIA-MENDOZA & ASSOCIATES
Eva Garcia-Mendoza, Esq.
Luther M. Snavely, III Esq.
501 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
(702) 384-8464  FAX (702) 384-0717

1   Moreover, at page 102, lines 7-14 of the deposition, Lamuraglia states that the County

2   acknowledged at the time that this was a mistake and changed it to include a freeze of

3   reclassifications across the board in the Department of Human Resources a day or two

4   later.  Again, this is inadmissible hearsay.

5

6       Thus, in addition to being inadmissible because it is hearsay and not

7   authenticated, the deposition excerpt of Mr. Lamuraglia does not establish either

8   causation or pretext.

9                    **Letter from George Cotton**

10

11      The letter from George Cotton at Exhibit 3 of the Plaintiff's Opposition(#30)

12  completely fails to help the Plaintiff establish either causation or pretext.

13      First of all, the letter does not mention the Plaintiff's name a single time.  The

14  letter is written in regard to another Clark County employee named George Michael

15  Kirkpatrick and it is completely inapplicable to the case which is before the Court.

16      Secondly, the letter is simple speculation on the part of Cotton that everyone in

17  the Equal Opportunity Division is being treated badly because he filed his Charge of

18

19  Discrimination.  The letter completely fails to address the reasons given by Michael

20  Alastuey as to why it was necessary in August of 2000 to freeze reclassifications for

21  the entire Department of Human Resources. (SEE AFFIDIVIT OF ALASTUEY AT

22  EXHIBIT 3)  Likewise, it fails to address the fact that both the Justice Court and the

23  Coroner's Office also had the reclassification requests frozen. (SEE AFFIDAVIT OF

24  VISCONTI, para. 20 AT EXHIBIT 2)

25

26      Mere opinions and beliefs that an action is retaliatory, based on no specific or

27  substantial admissible evidence, is not enough to create a genuine issue of material

28

LAW OFFICES OF
GARCIA-MENDOZA & ASSOCIATES
Eva Garcia-Mendoza, Esq.
Luther M. Snavely, III Esq.
501 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
(702) 384-8484  FAX (702) 384-0207

1  fact. **Keyser v. Sacramento City Unified Sch. Dist., 265 F.3d 741, 752-753, n.5 (9th**

2  **Cir. 2001)**

3       The letter fails to provide any facts and, indeed, anything at all except Mr.

4  Cotton's speculation, that his Charge of Discrimination prompted retaliation against all

5
6  of the Equal Opportunity Division or that there are legitimate nondiscriminatory reasons

7  for the County's actions.

8       In addition, the letter is not properly authenticated because the person

9  purporting to be George Cotton did not attest or certify that the information in the letter

10  was his own personal knowledge. **Orr v. Bank of America, 285 F.3d 764, 774, n9 (9th**

11  **Cir. 2002)**

12       Thus, George Cotton's letter does not establish either causation or pretext.

13                                **Letter from Barbara Bell**

14
15       It is difficult for the Defendant to even grasp the Plaintiff's motivation in attaching

16  this letter to Exhibit 4 of its Opposition(#30). The letter says nothing about retaliation.

17  It doesn't even mention the Plaintiff or George Cotton. Furthermore, the letter doesn't

18  say a single word about retaliatory motives. The letter has no evidentiary or probative

19  value at all.

20

21       Also, as with George Cotton's letter, it is unauthenticated because there is no

22  attestation or certification that the author has personal knowledge of what she is

23  stating.

24                                **Deposition of Janice Bates**

25       The Plaintiff cites to page 42 of her own deposition which is attached to the

26  Defendant's Motion for Summary Judgment(#25) as Exhibit 1.

27

28       Ms. Bates testified as follows:

LAW OFFICES OF
GARCIA-MENDOZA & ASSOCIATES
Eva Garcia-Mendoza, Esq.
Luther M. Snavely, III Esq.
501 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
(702) 384-8424  FAX (702) 384-0207

1   "Q:   Was there any other reason[for the alleged retaliation], or just because
the group of you worked for George Cotton?

2

3   A:   Because George Cotton had filed a lawsuit, the county. I don't know if I'm
not understanding you, but I was told—I one time had to go to finance, and the girl that
4   was our budget analyst, her name was Janene—And I can't remember her last name.
She had an Italian last name. And just in my going up to have her approve some
5   travel, we just kind of talked a little bit and I said to her, 'Why—why are—at least with
me, why is my reclassification being denied? What does it keep being denied?' And
6   she said, 'I feel comfortable telling you this because I'm leaving but I was told not to
even forward any paperwork for reclassification, promotion, or anything for anybody
7   that worked for George Cotton in retaliation for him filing a lawsuit against the county.'

8

9   Q:   She actually used the words, 'retaliation for filing a lawsuit against Clark
County?

10

11   A:   She maybe didn't use those exact words but she said it was because of
George Cotton's lawsuit.

12   Q:   Who is this person?

13   A:   I don't remember her last name but her first name was Janene.

14   Q:   Janene?

15   A:   Janene.

16

17   Q:   She no longer works for Clark County?

18   A:   I don't know. She moved, I believe, to the airport, but I don't know if
she—I mean, worked—she works for the airport.

19

20   Q:   When was the last time you had any contact with her?

21   A:   That was it. She was—that was her last week, that day that I was up
there.

22

23   Q:   And what year was that?

24   A:   2001, 2001. I—I don't recall exactly."
The statements ascribed to "Janene" by the Plaintiff constitute inadmissible

25

26   double-hearsay. Furthermore, the Plaintiff doesn't even know what this person's last

27   name is, where she lives or if Janene is still alive. There is nothing in the record of this

28   case to establish that someone named "Janene" has ever worked for Clark County or

LAW OFFICES OF
GARCIA-MENDOZA & ASSOCIATES
Eva Garcia-Mendoza, Esq.
Luther M. Snavely, II Esq.
501 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
(702) 384-8424  FAX (702) 384-0707

1    ever knew the Plaintiff or worked in an administrative or supervisory role at Clark

2    County.  The statements attributed by the Plaintiff to Janene are inadmissible,

3    unreliable, unauthenticated and thus do nothing to establish either causation or pretext.

4        Accordingly, the Plaintiff has failed to establish a prima facie case and Summary

5    Judgment should be entered in favor of the Defendant.

6

7        **THE DEFENDANT'S  LEGITIMATE NONDISCRIMINATORY REASONS**

8    **FOR DECLINING TO RECLASSIFY THE PLAINTIFF'S JOB IN 2000 ARE NOT**
     **PRETEXTUAL**

9

10       The Defendant's legitimate nondiscriminatory reason for denying the request to

11   reclassify the Plaintiff's job in August of 2000 was because Mr. Alastuey wished to slow

12   down the increase in salary expenses for the Department of Human Resources.  (SEE

13   AFFIDIVIT OF ALASTUEY AT EXHIBIT 3 and AFFIDAVIT OF VISCONTI AT EXHIBIT

14   2)

15       In the Plaintiff's Opposition(#30), she argues that the portions of Raymond

16   Visconti's affidavit at Exhibit 2 of the Defendant's Motion for Summary Judgment(#25)

17   wherein Mr. Visconti explains why Mr. Alastuey declined to approve the request for job

18   reclassification are inadmissible hearsay.  Accordingly, attached at EXHIBIT 3 is the

19   sworn affidavit of Mr. Alastuey.

20

21       Michael Alasteuy, who was Clark County's Assistant County Manager from

22   approximately August of 1997 until August of 2002, testifies in his affidavit that he had

23

24   final authority over all job reclassifications and promotions within the Department of

25   Human Resources. (SEE AFFIDAVIT OF ALASTUEY, paras.3, 7 AT EXHIBIT 3)

26       Moreover, Mr. Alastuey testified that, given the previously large number of

27   requests for reclassification and the continuing requests for reclassification at the time,

28   he decided to not entertain any further requests for job reclassifications within the

LAW OFFICES OF
GARCIA-MENDOZA & ASSOCIATES
Eva Garcia-Mendoza, Esq.
Luther M. Snavely, III Esq.
501 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
(702) 384-8424  FAX (702) 384-0207

1 Department of Human Resources because he believed that the cost and budget for

2 salary expenses in the Department of Human Resources was excessive. (SEE

3 AFFIDAVIT OF ALASTUEY, para. 8 AT EXHIBIT 3)

4 Accordingly, in August of 2000, Mr. Alastuey instructed Beverly Glode and

5
6 Raymond Visconti that he would not entertain any more requests for job reclassification

7 in the Department of Human Resources because he thought that there were too many

8 reclassifications and promotions within the Department.  (SEE AFFIDAVIT OF

9 ALASTUEY, para. 9 AT EXHIBIT 3)

10 Mr. Alastuey further testifies that he did not make his  decision to deny the

11 request for a job reclassification in 2000 on account of George Cotton's past or present

12 complaints about Clark County, or for that matter, anyone else's past or present

13 complaints about Clark County. (SEE AFFIDAVIT OF ALASTUEY, paras. 10-13 AT

14 EXHIBIT 3)  Instead, he denied reclassification of the Plaintiff's position, along with all

15 other such requests made on behalf of other employees in the Department of Human

16 Resources at the time, because he wanted to slow down the increase in salary

17
18 expense for the Department of Human Resources. (SEE AFFIDAVIT OF ALASTUEY,

19 para. 10 AT EXHIBIT 3)

20 The Equal Opportunity Division was not singled out.   Mr. Visconti testified that

21 no one's job in the Department of Human Resources was approved for reclassification

22 in the summer of 2000.  Furthermore, no person from the Justice Court or the

23 Coroner's Office was approved either.  Mr. Alastuey's decision to refuse all

24
25 reclassifications applied to everyone in the Department of Human Resources, not just

26 the Plaintiff or the Equal Opportunity Division. (SEE AFFIDAVIT OF VISCONTI, paras.

27 19-20 AT EXHIBIT 2)

28

LAW OFFICES OF
GARCIA-MENDOZA & ASSOCIATES
Eva Garcia-Mendoza, Esq.
Luther M. Snavely, III Esq.
501 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
(702) 384-8484  FAX (702) 384-0707

1    Since, the Defendant has set forth a legitimate nondiscriminatory reason for its

2   actions, the Plaintiff must establish that the Defendant's reasons are pretext by a

3   preponderance of the evidence to avoid entry of Summary Judgment. The **McDonnell**

4   **Douglas** presumption of unlawful discrimination "simply drops out of the picture" now

5
    that the Defendant has set forth its legitimate nondiscriminatory reason for its
6
    employment decision. **Wallis v. J.R. Simplot, 26 F.3d 885, 889 (9th Cir. 1994)**
7

8    In response to the Defendant's offer of nondiscriminatory reasons, the Plaintiff

9   must produce specific, substantial evidence of pretext. **Id. at 890**.

10   Mere opinions and beliefs that an action is retaliatory, based on no specific or

11
    substantial admissible evidence, is not enough to create a genuine issue of material
12
    fact on the issue of pretext. **Keyser v. Sacramento City Unified Sch. Dist., 265 F.3d**
13
    **741, 752-753, n's 5, 6 (9th Cir. 2001)** Furthermore, the existence of alleged adverse
14
    employment actions, themselves, say nothing about why those actions were taken;
15

16   they are probative of motivation only if one can read something from the proximity

17   between the actions and the protected activity. **Id.**

18
    The Court's role is to prevent unlawful hiring practices, not to act as a super
19
    personnel department that second guesses employer's business judgments. **Green v.**
20
    **Maricopa County Community College School District, 265 F.Supp. 2d 1110, 1128**
21
    **(D. Ariz. 2003)**
22

23   As explained in the previous  discussion regarding causation, none of the

24   exhibits attached by the Plaintiff as evidence to her Opposition(#30) establish by a

25
    preponderance of the evidence that the reasons offered by Mr. Alastuey for the denial
26
    of the reclassification are pretext. The Plaintiff offers nothing but opinions and beliefs
27

28

LAW OFFICES OF
GARCIA-MENDOZA & ASSOCIATES
Ezra Garcia-Mendoza, Esq.
Luther M. Snavely, III Esq.
501 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
(702) 384-8424   FAX (702) 384-0247

LAW OFFICES OF
GARCIA-MENDOZA & ASSOCIATES
Eva Garcia-Mendoza, Esq.
Luther M. Snavely, II Esq.
501 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
(702) 384-8484  FAX (702) 384-0297

1 which are inadmissible, unreliable, unauthenticated and completely ineffective to

2 establish either causation or pretext

3 Accordingly, the Plaintiff has failed to establish pretext and Summary Judgment

4 should be entered in favor of the Defendant.

5

6 **THE COURT SHOULD ENTER SUMMARY JUDGMENT
IN FAVOR OF THE DEFENDANT ON THE PLAINTIFF'S
CLAIM FOR DISPARATE TREATMENT RACE DISCRIMINATION**

7

8 The Plaintiff's allegation that the Defendant subjected her to Disparate

9

10 Treatment Race Discrimination should be dismissed in its entirety.

11 The Defendant makes this argument in its Motion for Summary Judgment(#25)

12 at pages 24 through 28.

13 A review of the Plaintiff's Opposition(#30) filed with this Court reveals that the

14 Plaintiff makes no attempt to dispute the arguments of the Defendant on this issue.

15 Accordingly, the Defendant's arguments in this regard should be deemed as

16 unopposed and the Court should dismiss that portion of the Plaintiff's Complaint

17

18 wherein she claims that the Defendant subjected her to Disparate Treatment Race

19 Discrimination.

20 **THE LETTER OF DETERMINATION ISSUED BY THE EEOC
HAS LITTLE PROBATIVE VALUE AND DOES NOT
CREATE AN ISSUE OF MATERIAL FACT**

21

22

23 The EEOC Letter of Determination attached as Exhibit 1 to the Plaintiff's

24 Opposition(#30) should be disregarded by the Court because it is entirely conclusory

25 The Defendant makes this argument in its Motion for Summary Judgment(#25)

26 at pages 28 and 29 and cites to **Coleman v. Quaker Oats Co.**, 232 F.3d 1271, 1283-

27 1284 (9th Cir. 2000) and **Mondero v. Salt River Project**, 400 F.3d 1207, 1214-1215

28 (9th Cir. 2005) to support its argument.

1   A review of the Plaintiff's Opposition(#30) filed with this Court reveals that the

2   Plaintiff makes no attempt to dispute the arguments of the Defendant on this issue.

3   Accordingly, the Defendant's arguments in this regard should be deemed as

4   unopposed and the Court should simply disregard the EEOC's Letter of Determination

5   attached to the Plaintiff's Complaint and as Exhibit 1 to the Plaintiff's Opposition(#30)

6

7                                    **CONCLUSION**

8   For the reasons set forth above, the Defendant respectfully requests that the

9   Court enter Summary Judgment in its favor and dismiss the Plaintiff's Complaint in its

10  entirety.

11                          DATED this 16th day of August, 2006.

12

13  BY: _____
    LUTHER SNAVELY, ESQ.

14  NEVADA BAR NO. 5507
    EVA GARCIA-MENDOZA, ESQ.

15  NEVADA BAR NO. 1779
    GARCIA-MENDOZA & SNAVELY

16  501 SOUTH SEVENTH STREET
    LAS VEGAS, NEVADA 89101

17  (702) 384-8484
    ATTORNEYS FOR DEFENDANT

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I hereby certify that I am an employee of the law firm of GARCIA-MENDOZA & SNAVELY and that on this 16th day of August, 2006, I electronically filed the foregoing MOTION FOR SUMMARY JUDGMENT and that such motion was electronically served upon the following at his last known address by the U.S. District Court of Nevada's electronic filing system:

Richard Segerbloom, Esq.
www.rsegerbloom@lvcm.com

An Employee of Garcia-Mendoza & Snavely, Chtd.

LAW OFFICES OF
GARCIA-MENDOZA & ASSOCIATES
Eva Garcia-Mendoza, Esq.
Luther M. Snavely, III Esq.
501 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
(702) 384-8424  FAX (702) 384-0207

25