# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JANICE BATES,

    Plaintiff,

v.

CLARK COUNTY,

    Defendant.

Case No. 2:04-CV-00518-KJD-GWF

**ORDER**

Presently before the Court is Defendant's Motion for Summary Judgment (#25). Plaintiff filed a response in opposition (#30) to which Defendant replied (#34).

I. Facts

Plaintiff, Janice Bates, is an African-American female who began working for Clark County in 1996 as an Office Assistant in the Equal Opportunity Division ("EOD") which was a part of Clark County's Department of Human Resources. Approximately six months later in 1997, she was promoted to Office Specialist. On October 3, 2002, she was promoted to Administrative Secretary in the Family Support Division.

On July 1, 1998, George Cotton, Manager of the EOD, filed a Charge of Discrimination against Clark County with the Nevada Equal Rights Commission ("NERC") and with the federal Equal Employment Opportunity Commission ("EEOC"). On September 2, 1998, Cotton filed a

complaint in federal court alleging racial and age discrimination, retaliation, and civil rights violations against the County. On April 20, 2000, summary judgment for defendants was entered. Cotton appealed and the Ninth Circuit Court of Appeals affirmed the entry of summary judgment on August 28, 2001.

In July 1999, Beverly Glode, Director of the Department of Human Resources, requested and received five reclassifications for Human Resources jobs and an additional four to five promotions for Human Resource employees. However, by January 2000, Michael Alastuey, Assistant County Manger, who had authority over the Department of Human Resources became concerned that the Department of Human Resources was receiving too many reclassifications and promotions causing the Department's budget for salary expenses to become excessive.

On or about January 12, 2000, Cotton attempted to obtain reclassification funding for the EOD pursuant to a supplemental budget request. On or about January 27, 2000, Cotton submitted a formal written Position Reclassification Request asking that Plaintiff's Office Specialist position be reclassified to Administrative Secretary. On March 1, 2000, Beverly Glode approved the request and sent it to Michael Alastuey for his approval. In early August of 2000, Mr. Alastuey instructed Mr. Visconti, Assistant Director of the Human Resources Department, to deny all reclassifications in the Department of Human Resources in order to slow the overall increases in salary. The request to reclassify Plaintiff's position was denied on August 23, 2000. Plaintiff filed a Charge of Discrimination with the EEOC on March 30, 2001, 219 days after her reclassification was denied.

Plaintiff's charge alleged that the County discriminated against employees associated with George Cotton in retaliation for his Charge of Discrimination and subsequent lawsuit. Plaintiff filed an amended charge on April 12, 2002. On September 20, 2002, the EEOC issued a determination letter finding that a preponderance of evidence established that the County had retaliated against Plaintiff because of her association with Cotton. On April 27, 2004, Plaintiff filed the present complaint alleging violation of Title VII of the Civil Rights Act of 1964 ("Title VII") by Defendant

for retaliating against her for her association with George Cotton and disparate treatment based on her race.

II.  Standard for Summary Judgment

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party bears the initial burden of showing the absence of a genuine issue of material fact.  See Celotex, 477 U.S. at 323.  The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party.  See Matsushita, 475 U.S. at 587.  However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant.  See Lujan v. Nat'l Wildlife Fed'n., 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment).  Evidence must be concrete and cannot rely on "mere speculation, conjecture, or fantasy.  O.S.C. Corp. v. Apple Computer, Inc., 792 F.2d 1464, 1467 (9th Cir. 1986).  "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248.

III.  Analysis

In response to Defendant's motion for summary judgment, Plaintiff expressly abandons all claims except for her claim for retaliation under Title VII arising from the reclassification that was denied on August 23, 2000. Therefore, in accordance with Local Rule 7-2(d) and good cause being found, the Court grants Defendant's motion for summary judgment on all other claims.

A.  Timely Filing

Plaintiff first filed her claim with the EEOC on March 30, 2001, 219 days after her reclassification was denied. The Court finds that Plaintiff has, at a minimum, raised a genuine issue of material fact regarding whether that claim was timely filed with the EEOC. See Laquaglia v. Rio Hotel & Casino, Inc., 186 F.3d 1172 (9th Cir. 1999) (reversing and remanding to state court to consider Nevada-EEOC workshare agreement). In this case, neither party has adequately briefed the workshare agreement/deferral state issue. Mohasco Corp. v. Silver, 447 U.S. 807, 815 n.16 (1980) suggests that if Nevada is a "deferral state" that Plaintiff has 240 days to file her complaint with the EEOC. Therefore, the Court denies Defendant's motion for summary judgment on this issue.

B.  *Prima Facie* Case of Retaliation

To establish a *prima facie* case for retaliation, Plaintiff must show that (1) she engaged in a protected activity under Title VII; (2) her employer subjected her to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action. See Porter v. California Dept. Of Corrections, 419 F.3d 885, 892 (9th Cir. 2005). Defendant asserts that Plaintiff cannot establish a *prima facie* case of retaliation, because Plaintiff did not engage in protected activity. Plaintiff asserts that she was retaliated against because her supervisor, George Cotton,

engaged in protected activity. Plaintiff argues that the Court should recognize her third-party retaliation claim.

Title VII prohibits employers from discriminating against an employee "because [she] has opposed any practice made an unlawful employment practice by this subchapter, or because [she] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). While the Ninth Circuit has never directly addressed the issue of retaliation against a third-party, a majority of circuits that have addressed it concluded that in order to establish a *prima facie* case of retaliation, the employee must have personally engaged in statutorily protected activity. See Fogelman v. Mercy Hosp., Inc., 283 F.3d 561 (3rd Cir. 2002)(no *prima facie* case where Plaintiff alleged he was terminated when his father brought suit against same employer); Holt v. JTM Industries, Inc., 89 F.3d 1224 (5th Cir. 1996)(no *prima facie* case when husband placed on administrative leave after wife filed charge of age discrimination against same employer); Smith v. Riceland Foods, Inc., 151 F.3d 813 (8th Cir. 1998)(retaliation plaintiff must personally engage in protected activity to establish *prima facie* case).

This Court finds no reason to depart from the authority of these cases which find that 42 U.S.C. § 2000e-3(a) clearly requires a plaintiff to have personally participated in the protected conduct. Other district courts which have departed from these authorities have found that section 2000e-3(a) is ambiguous. See, e.g., EEOC v. Nalbandian Sales, Inc., 36 F. Supp.2d 1206, 1210-11 (E.D. Cal. 1998). The Court believes that section 2000e-3(a) is plain and unambiguous. Even considering that Title VII is remedial legislation which is to be construed broadly, the language of section 2000e-3(a) clearly prohibits retaliation against individual employees who personally participate in protected activity. The fact that Title VII protects employees who "assist" in protected conduct whether or not they directly oppose discrimination makes even more clear that this section is not intended to protect the friends, relatives, associates or mere co-workers and subordinates of those who engage in protected activity. See Riceland Foods, 151 F.3d at 819.

Thus, in this case, Plaintiff must have done something more than be a subordinate of George Cotton in order to bring a claim for retaliation. Plaintiff must have opposed an employment practice she believed to be unlawful, or made a charge of discrimination, or assisted or participated in an investigation, proceeding or hearing resulting from opposition to an unlawful employment practice. Plaintiff seeks to recover damages for having taken no action. However, Title VII's anti-retaliation provision does not provide protection for the mere association alleged in this case. Therefore, the Court finds that Plaintiff has failed to establish a *prima facie* case of retaliation, because she did not engage in protected conduct. Defendant's motion for summary judgment is granted.

IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment (#25) is **GRANTED**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendant and against Plaintiff.

DATED this 9th day of November 2006.

_____
Kent J. Dawson
United States District Judge